UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARLA L. WOOTEN,

    Petitioner,

v.                                   Case No. 8:20-cv-2081-T-02CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## O R D E R

Ms. Wooten, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus challenging convictions entered in Hillsborough County, Florida, in Case No. 07-619 (Doc. 1). Because the petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), it is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Ms. Wooten previously sought federal habeas relief in this Court regarding the convictions she challenges in this action. *See Wooten v. Secretary, Department of Corrections*, Case No. 8:12-cv-1448-T-27TBM (M.D. Fla.) (petition denied September 23, 2015). Therefore, the instant petition is successive.

Consequently, pursuant to 28 U.S.C. § 2244(b)(3), she was required to obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). She has not, however, shown that she has applied to the court of appeals for an order authorizing this Court to consider her petition. Accordingly, this Court is without jurisdiction to consider the petition,[1] and this case must be dismissed to allow Ms. Wooten the opportunity to seek said authorization.

It is therefore **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED** without prejudice.

2. The **Clerk** is directed to send Ms. Wooten the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) with her copy of this Order and close this case.

**DONE** in Tampa, Florida, on September 7, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Karla L. Wooten, *pro se*

---

[1] *See Wells v. AG*, 2012 U.S. App. LEXIS 7542, at *4 (11th Cir. Apr. 16, 2012) (unpublished) (district court must dismiss second or successive § 2254 petition for lack of jurisdiction unless the prisoner has obtained an order from court of appeals authorizing the district court to consider it).